UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-62361-LEIBOWITZ/AUGUSTIN-BIRCH

LAKAYE JOHNSON, *et al.*,

     *Plaintiffs*,

v.

NORTH BROWARD HOSPITAL
DISTRICT d/b/a BROWARD HEALTH,

     *Defendant*.

_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation on Defendant's Motion to Compel Arbitration and Motion to Stay (the "R&R") [ECF No. 44], entered on June 6, 2025, recommending the granting in part and denial in part of Defendant's Motion to Compel Arbitration [ECF No. 30], and the denial of Defendant's Motion to Stay [ECF No. 32].  The undersigned referred the motions to Magistrate Judge Augustin-Birch pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules.  [*See* ECF No. 39].  Objections were timely filed by Defendant [ECF No. 46], Plaintiffs responded thereto [ECF No. 52], and Defendant replied [ECF No. 53].  Having reviewed and considered the R&R in light of the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law.  Accordingly, the Court hereby **ADOPTS** Magistrate Judge Augustin-Birch's R&R [**ECF No. 44**] and **AFFIRMS** the recommendations on the pending motions [ECF Nos. 30, 32].  Defendant's Objections [ECF No. 46] to the R&R are **OVERRULED** for the reasons discussed below.

## I.     STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## II.     DISCUSSION

### A.     Motion to Compel Arbitration [ECF No. 30].

Under the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]"  9 U.S.C. § 2.  "Confronted with a facially valid arbitration agreement, district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Calcaterra v. Baptist Health S. Fla., Inc.*, 733 F. Supp. 3d 1349, 1353 (S.D. Fla. 2024) (emphasis in original) (citation omitted); 9 U.S.C. § 3.  "A motion to compel arbitration is treated generally as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Calcaterra*, 733 F. Supp. 3d at 1353 (citing *Shea v. BBVA Compass Bancshares, Inc.*, 2013 WL 869526 at *2 n.3 (S.D. Fla. Mar. 7, 2013)).  Thus, a court "may consider matters outside the four corners of the complaint." *Id.* (citing *Mamani v.*

*Sanchez Berzain*, 636 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009)).  Courts should only compel arbitration if (a) the agreement is enforceable under "ordinary state-law contract principles" and (b) the claims before the court fall within the scope of that agreement.  *Lambert v. Signature Healthcare, LLC*, No. 19-11900, 2022 WL 2571959, at *4 (11th Cir. July 8, 2022) (citations omitted).  "In ruling on a motion to compel arbitration, state law governs the interpretation and formation of the arbitration agreement[,] while federal law governs the enforceability of the arbitration agreement."  *Babcock v. Neutron Holdings, Inc.*, 454 F. Supp. 3d 1222, 1228 (S.D. Fla. 2020).

Finding no error, the Court agrees with Magistrate Judge Augustin-Birch's findings on the Motion to Compel Arbitration.  Accordingly, the Motion to Compel Arbitration and to Dismiss Amended Complaint or Alternatively Stay Proceedings [ECF No. 30] is GRANTED IN PART AND DENIED IN PART.

**B.      Motion to Stay [ECF No. 32].**

The power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254–55.  A district court therefore has broad discretionary authority in determining whether a stay is appropriate.  *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").  Courts routinely stay case deadlines and discovery pending resolution of a motion to compel arbitration.  *See, e.g.*, *Lopez v. Auto Wax of S. Fla., Inc.*, No. 20-CIV-81892, 2021 WL 911176, at *4 (S.D. Fla. Mar. 2, 2021); *Reel Games, Inc. v. Euro Game Tech., Ltd.*, No. 24-cv-60713, 2025 WL 857774, at *1 (S.D. Fla. Feb. 11, 2025).

Finding no error, the Court agrees with Magistrate Judge Augustin-Birch's findings on the Motion to Stay.  Accordingly, the Renewed Motion to Stay Case Deadlines and Discovery Obligations Pending Resolution of Motion to Compel Arbitration [ECF No. 32] is DENIED.

### III.    RULING ON OBJECTIONS

The Court overrules Defendant's objections to Magistrate Judge Augustin-Birch's R&R [ECF No. 74].

1.    <u>Objection No. 1: The R&R Does Not Address Plaintiffs' Unequivocal Agreement to Delegate Arbitrability Issues to an Arbitrator.</u>  [ECF No. 46 at 2–7].  **OVERRULED**.

Upon *de novo* review, the Court overrules this objection because Defendant is not a party to the CareRev contract, and Defendant has no agreement with Plaintiffs Abed-Kaki, Parker, and Weiderman (the "Remaining Plaintiffs").  Although Magistrate Judge Augustin-Birch did not discuss the delegation provision, she recognized that Defendant cannot enforce the arbitration agreement itself as a non-signatory.  [ECF No. 44 at 5–10].

Under the FAA, courts in the first instance should decide the issue of arbitrability.  *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  However, the private agreement to arbitrate arbitrability will be upheld if there is "clear and unmistakable" evidence that *the parties* so agreed.  *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69 n.1 (2010); *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("[T]he question of arbitrability . . . is undeniably an issue for judicial determination.  Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." (collecting cases)).  "*Parties* to an arbitration agreement may send threshold questions of arbitrability to an arbitrator when they have agreed to do so."  *Santiago v. Neno Rsch., Inc.*, No. 24-cv-01330, 2024 WL 4625783, at *2 (M.D. Fla. Oct. 30, 2024) (emphasis added), *aff'd*, 2025 WL 1793306 (11th Cir. June 30, 2025).

Through this framework, the Court cannot agree with Defendant. Defendant attempts to distinguish *Santiago* because the agreement at issue there "merely incorporated the AAA rules by reference which otherwise provide that an arbitrator has the power to decide questions of arbitrability." [ECF No. 46 at 4–5]. However, unlike in *Santiago* (says Defendant), the Remaining Plaintiffs' agreements do not merely incorporate arbitration rules by reference; their agreements contain an explicit delegation clause: "[t]he arbitrator alone will have the authority to determine arbitrability including disputes about the formation, scope, applicability, enforceability, waiver, unconscionability, or validity of this Arbitration Agreement . . . ." [*Id.* at 5 (discussing ECF No. 30-2 at 14 ¶ 18)].

This difference does not change the result here. *Santiago*, as well as Supreme Court precedent, persuades this Court that only *signatories* can invoke the delegation provision to submit arbitrability issues to the arbitrator in the first instance. 2024 WL 4625783, at *3; *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331–32 (11th Cir. 2005); *AT&T*, 475 U.S. at 649; *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide." (citations omitted)). Additionally, Defendant's incorporation by reference argument fails. Other courts in this Circuit involving similar provisions as here have held that a non-signatory (like Defendant) cannot invoke the delegation clause; arbitrability is a question reserved for the Court. *See, e.g.*, *Riley v. Gen. Motors, LLC*, 664 F. Supp. 3d 1336, 1350 (M.D. Fla. 2023) ("Here, the Provision includes a delegation clause identifying that 'claims regarding the interpretation, scope, or validity of this Agreement, or arbitrability of any issue' are covered by the Provision. But GM is not a signatory to the Agreement, so whether GM can enforce the Provision against Riley is a question for this Court." (internal citation omitted)); *Gunson v. BMO Harris Bank, N.A.*, 43 F. Supp. 3d 1396, 1401 (S.D. Fla.

2014) (Scola, J.) ("However, just because a signatory has agreed to arbitrate the issue of arbitrability does not mean that it must arbitrate with any nonsignatory." (citation omitted)).

Defendant can only prevail on this theory if there is "clear and unmistakable evidence" that the Remaining Plaintiffs intended to arbitrate arbitrability with *Defendant as a non-signatory.*[1]  The Eleventh Circuit has not squarely addressed this issue.  However, the Court notes that the Ninth Circuit, for instance, has held that where there is an "absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with nonsignatories, the district court ha[s] the authority to decide whether the instant dispute is arbitrable." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013).

Defendant has not met its burden under this standard, so this argument fails.  Defendant argues that the Remaining Plaintiffs "had the expectation and intent for questions of arbitrability to be decided by an arbitrator, like all other disputes arising out of the Agreement . . . ." [ECF No. 46 at 6].  Defendant cites only one in-Circuit case, *Eco Brands, LLC by & through Midas Financial Group, LLC v. Eco Brands, LLC*, No. 20-21713-CIV, 2021 WL 724924, at *7 (S.D. Fla. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 722801 (S.D. Fla. Feb. 24, 2021), in support of this argument.  [*See* ECF No. 46 at 6].  *Eco Brands* is not on all fours.[2]  There, the plaintiff and the other signatory were already in ongoing arbitration proceedings and, therefore, it was not unreasonable for the arbitrator to decide the threshold question of arbitrability.  *Eco Brands*, 2021 WL 724924, at *6–7.  In addition,

---

[1]     Defendant makes this argument: "There is no dispute that the version of the Terms agreed to by Remaining Plaintiffs Abed-Kaki and Parker include an arbitration agreement that contains a clause *clearly and unmistakably* delegating the issue of arbitrability—including the questions of the scope and applicability of the agreement—to an arbitrator[.]"  [ECF No. 46 at 3 (emphasis added) (internal citations omitted)].  That may be true as between Remaining Plaintiffs and CareRev, but *not* as between Remaining Plaintiffs and Defendant.  [*See* ECF No. 43-1 at 34 ¶ 18].

[2]     The Court also agrees with Plaintiffs that Defendant's remaining cases are all distinguishable and involved parties to the agreement at issue and/or non-signatories with certain rights under the agreement via clear intention, agency, and third-party beneficiary clauses.  [*See* ECF No. 52 at 4–6, 10–11].  This includes the case cited in Defendant's Notice of Supplemental Authority.  [*See* ECF No. 49].

the Magistrate Judge in *Eco Brands* noted that the plaintiff's claims (none of which encompassed an alleged FLSA violation) related to the termination of the agreement at issue. *Id.* at *1–2, 7.

Of course, these two distinguishing facts are not present in this case; (1) the Remaining Plaintiffs are not currently in arbitration proceedings with CareRev and (2) the Remaining Plaintiffs' claim does not relate to termination of the agreement with CareRev. [*See* ECF No. 24 ¶¶ 157–162]. In fact, the FLSA claim lodged against Defendant has *nothing* to do with the agreement with CareRev. An FLSA claim is afforded to the Remaining Plaintiffs, not by operation of a private agreement, but by federal statute. *See Liu v. Wu*, No. 23-21541-CV, 2024 WL 516960, at *4 (S.D. Fla. Jan. 5, 2024) (Williams, J.) ("A signatory does not rely on an agreement to bring its claims when those claims rely on obligations otherwise imposed by law."). Because enforcing the delegation clause may "force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator would decide[,]" *SBMH Grp. v. DMCC v. Noadiam USA, LLC*, 297 F. Supp. 3d 1321, 1326 (S.D. Fla. 2017) (Altonaga, C.J.), the issue of arbitrability remains with this Court.

Accordingly, the Court overrules this objection.

2.      Objection No. 2: Plaintiffs' FLSA Claim Are Inextricably Intertwined with Their Contract. [ECF No. 46 at 7–10]. **OVERRULED**.

Given that this Court (and not the arbitrator) decides arbitrability on these facts, the Court will proceed to the determination of whether Defendant, as a non-signatory, can compel arbitration. A *de novo* review of Defendant's objection confirms Magistrate Judge Augustin-Birch's conclusion that the Remaining Plaintiffs' FLSA claim is not intertwined with, and does not rely upon, the agreement with CareRev. Therefore, the Court adopts Magistrate Judge Augustin-Birch's R&R, and finds that Defendant, as a non-signatory, cannot compel the Remaining Plaintiffs to arbitration.

Whether a non-party to an arbitration agreement can enforce that agreement is a matter concerning state law. *See Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170–71 (11th Cir. 2021).

Under Florida law (which the parties do not dispute applies), a non-signatory can only compel a signatory to submit to arbitration via (as relevant here) the equitable estoppel doctrine or if the non-signatory qualifies as a third-party beneficiary the parties intended to benefit from the agreement. *See Riley*, 664 F. Supp. 3d at 1350–51. Under equitable estoppel, non-parties to a contract can compel arbitration "when the claims relate directly to the contract and the signatory is relying on the contract to assert its claims against the non-signatory." *Koechli v. BIP Int'l, Inc.*, 870 So. 2d 940, 944 (Fla. 1st DCA 2004) (collecting cases).

Defendant contends that Magistrate Judge Augustin-Birch was "dismissive of contractual language" supporting the premise that the Remaining Plaintiffs' FLSA claim is inextricably intertwined with underlying contractual obligations. [ECF No. 46 at 7]. The Court cannot agree. Defendant overlooks that a signatory "must actually depend on the underlying contract to make out his or her claim against the nonsignatory" to satisfy the equitable estoppel doctrine. *Usme v. CMI Leisure Mgmt., Inc.*, 106 F.4th 1079, 1088 (11th Cir. 2024) (quoting *Bah. Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1343 (11th Cir. 2012)). A mere but-for relationship between the claims and the contract is not enough. *Id.* (quoting *Lawson*, 648 F.3d at 1174). As in *Usme*, where the plaintiffs did not rely on their employment contracts to assert their Jones Act and maritime claims and argue that they were employees, *id.* at 1089, the same is true here. Magistrate Judge Augustin-Birch correctly pointed out that the Remaining Plaintiffs did not rely on the terms of the CareRev contract to assert their FLSA claim. [ECF No. 44 at 8–10]. Their claim rises and falls with construction of a federal statute passed by Congress; it cannot be said that "[the Remaining Plaintiffs'] claims against [Defendant] makes reference to or presumes the existence of the written agreement . . . ." *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (quotation marks and citation omitted), *abrogated on other grounds*, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009). Therefore, equitable estoppel is not applicable.

Accordingly, the Court overrules this objection as well.

3.       Objection No. 3: A Stay of Proceedings Is Proper.   [ECF No. 46 at 10–11].

**OVERRULED**.

The Court rejects and overrules this objection as Defendant reasserts it "[o]ut of an abundance

of caution" in the event the Court sustained its objections.  Because the Court does not, this fails.

## IV.    CONCLUSION

In view of the foregoing and upon due consideration, it is hereby **ORDERED AND**

**ADJUDGED** as follows:

1.       The R&R [**ECF No. 44**] is **ADOPTED AND AFFIRMED** and fully incorporated

herein.

2.       Defendant's Motion to Compel Arbitration [**ECF No. 30**] is **GRANTED IN PART**

**AND DENIED IN PART**.  It is GRANTED as to Plaintiffs Allen-Strachan, McGill,

Benjamin, Miller, Anderson, Hunter, Hubert, and Soto.  It is DENIED as to the

Remaining Plaintiffs: Abed-Kaki, Parker, and Weiderman.

3.       Defendant's Renewed Motion to Stay [**ECF No. 32**] is **DENIED as moot**.

4.       Defendant's Objections [**ECF No. 46**] are **OVERRULED**.

5.       This case is **STAYED** only as to Plaintiffs Allen-Strachan, McGill, Benjamin, Miller,

Anderson, Hunter, Hubert, and Soto.  The parties shall file a joint status report **every sixty**

**(60) days** regarding the status of the arbitration proceedings, starting on the day this Order is

entered.  This case shall remain **OPEN.**

6.       As to the Remaining Plaintiffs and Defendant, the parties shall comply with this

Court's December 17, 2024, Order [ECF No. 7] with the following revised deadlines: (1)

Remaining Plaintiffs to file a "Statement of Claim" **no later than October 15, 2025**; (2)

Defendant to file a response **no later than November 4, 2025**; and (3) a settlement

conference with Magistrate Judge Augustin-Birch within, if possible, **thirty (30) days** of

Defendant's Response.   Additionally, Defendant shall file a response to the First Amended

Complaint [ECF No. 24] **no later than November 4, 2025**.

7.        Pursuant to former named Plaintiff Lakaye Johnson's Notice of Withdrawal of Written

Consent [ECF No. 25] and Rule 41 of the Federal Rules of Civil Procedure, Plaintiff Lakaye

Johnson shall file a stipulation of dismissal consistent with Rule 41 **no later than October 15,**

**2025**.[3]

**DONE AND ORDERED** in the Southern District of Florida on October 1, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

---

[3]      Plaintiff Lakaye Johnson's Notice of Withdrawal of Written Consent [ECF No. 25] itself is
insufficient for her to withdraw from the case.  Instead, she was required to comply with Rule 41 of
the Federal Rules of Civil Procedure.  *See Devries v. Morgan Stanley & Co. LLC*, No. 12-81223, 2015 WL
6670109, at *3 (S.D. Fla. Oct. 30, 2015) (stating in a FLSA collective action that "there is no clear
authority that allows Plaintiffs to unilaterally withdraw"); *Mancuso v. Fla. Metro. Univ., Inc.*, No. 09-
61984, 2010 WL 11549395, at *1 (S.D. Fla. Sept. 17, 2025) (similar).  Although no answer has been
filed in this case (thereby requiring Defendant's consent or a court order), Plaintiff Lakaye Johnson
still must comply with the Rule.