**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-CV-62361-LEIBOWITZ/AUGUSTIN-BIRCH**

**SAMIRA ABED-KAKI,** *individually and for*
*others similarly situated***,**

      **Plaintiff,**

**v.**

**NORTH BROWARD HOSPITAL DISTRICT,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**
**ON UNOPPOSED MOTION TO APPROVE SETTLEMENT**

This cause comes before the Court on the parties' Unopposed Motion to Approve Settlement. DE 90. The Honorable David S. Leibowitz, United States District Judge, referred the Unopposed Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 91. The Court thereafter ordered Plaintiffs to supplement the Unopposed Motion, DE 92, and Plaintiffs supplemented the Unopposed Motion. DE 93. The Court has carefully considered the Unopposed Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Unopposed Motion [DE 90] be **GRANTED IN PART AND DENIED IN PART**, that the parties' Settlement Agreement [DE 90-1] be **APPROVED IN PART**, and that this case be **DISMISSED WITH PREJUDICE**.

Plaintiff Samira Abed-Kaki, on behalf of herself and others similarly situated, filed a collective action Complaint under the Fair Labor Standards Act ("FLSA") against Defendant North Broward Hospital District, alleging that Defendant violated the FLSA by failing to pay overtime wages. DE 24. Under the terms of the parties' Settlement Agreement, the collective

action plaintiffs will receive a total of $72,500, to be distributed amongst them according to the payment table attached as Exhibit A to the Settlement Agreement. *See* DE 90-1 at 3, 8. Plaintiffs Abed-Kaki and Lakaye Johnson will receive $2,500 each as a service award to compensate them for serving as representative plaintiffs. *Id.* at 3. Plaintiffs' counsel will receive $60,000 in attorney's fees and $12,500 in costs. *Id.* at 2–3.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In their Unopposed Motion, the parties discuss the *Leverso* factors for the Court. First, the parties note that they reached their settlement with the assistance of an "extremely knowledgeable wage-and-hour mediator" and experienced counsel, which indicates the lack of fraud or collusion. DE 90 at 3. Second, the parties state that further litigation would be lengthy and expensive for both sides, and neither side could be certain of prevailing. *Id.* As such, the parties assert that their settlement resolves a bona fide dispute and eliminates the risk, burden, and expenses associated with further litigation. *Id.* at 3–4. Third, the parties explain that they have exchanged sufficient information to allow them to fully evaluate the risks and uncertainties of continued litigation. *Id.*

2

at 5. Fourth, both sides feel strongly about the strengths of their respective positions. *Id.* Finally, the parties state that their counsel believe that the settlement is fair and reasonable. *Id.* at 7.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for over two years before the parties notified the Court of their settlement. This length of time gave the parties sufficient time to exchange information and to be able to evaluate their respective positions, and the parties ultimately settled before needing to complete discovery, draft dispositive motions, and prepare for trial. This settlement avoided the accumulation of additional fees and costs, and the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a "Service Award" of $2,500 each for Plaintiffs Abed-Kaki and Johnson "to compensate them for representing the Settlement Plaintiffs." DE 90-1 at 3. Despite this seemingly clear and unambiguous language, the parties explain in their Unopposed Motion that the $2,500 payments to Plaintiffs Abed-Kaki and Johnson are actually "compensation to waive additional claims beyond their wage-and-hour claims." DE 90 at 7. The Court does not recommend approving the $2,500 payments to Plaintiffs Abed-Kaki and Johnson as either a service award or additional compensation to waive additional claims beyond their wage-and-hour claim.

In *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), the Eleventh Circuit determined that incentive awards which "compensate[] a class representative for his time and rewards him for bringing a lawsuit" are prohibited. *See also In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1281 (11th Cir. 2021) ("In light of *NPAS Solutions*, Plaintiffs

acknowledge that 'service awards are prohibited as a matter of law' in this Circuit. It is true that *NPAS Solutions* binds us here."); *Poblano v. Russell Cellular Inc.*, 543 F. Supp. 3d 1293, 1294 (M.D. Fla. 2021) ("[I]t is blackletter law in the Eleventh Circuit that district courts cannot grant incentive awards to named parties as part of a class-action settlement agreement."). Accordingly, insofar as the $2,500 payments to Plaintiffs Abed-Kaki and Johnson are service awards, as the Settlement Agreement explicitly labels those payments, the Court does not recommend approving those payments.

To the extent that the $2,500 payments to Plaintiffs Abed-Kaki and Johnson are, in actuality, compensation for waiving claims beyond their wage-and-hour claims, as the parties maintain, the Court still does not recommend approving those payments. In addition to not explaining what non-wage-and-hour claims that Plaintiffs Abed-Kaki and Johnson have or could have, the parties do not explain whether the other collective action plaintiffs also have claims beyond their wage-and-hour claims that could be waived. Based on the limited information before the Court, it appears that the $2,500 payments to Plaintiffs Abed-Kaki and Johnson "give them preferred treatment over the Settlement Collective Members, which was a concern underlying the Eleventh Circuit's decision prohibiting incentive awards in *Johnson*." *Turner v. Rosen Hotels & Resorts, Inc.*, No. 6:21-CV-161-CEM-GJK, 2022 WL 3046834, at *7 (M.D. Fla. June 15, 2022), *report and recommendation adopted*, No. 6:21-CV-161-CEM-DAB, 2022 WL 3042512 (M.D. Fla. Aug. 2, 2022). For these reasons, the Court does not recommend approving the Settlement Agreement's provision of $2,500 each to Plaintiffs Abed-Kaki and Johnson. Instead, the Court recommends that the $5,000 allocated for these payments be reallocated into the "Net Settlement Amount" for all collective action plaintiffs and be distributed accordingly.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiffs' counsel will receive $72,500 for fees and costs. DE 90-1 at 2–3. Plaintiffs' counsel provided billing records, and these records reflect costs of $7,610.80 and fees of $80,697.50 for 134.20 hours of work on this case. DE 93-1; DE 93-2. The number of hours worked is consistent with the stage at which this case settled, and the fee award compensates Plaintiffs' counsel at a reasonable hourly rate. The Court therefore concludes that the payment to be made to Plaintiffs' counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement, and they include various standard provisions. *See* DE 90-1. The Court concludes that the Settlement Agreement, outside of the $2,500 payments to Plaintiffs Abed-Kaki and Johnson, is fair and reasonable.

Accordingly, the Court recommends that the parties' Unopposed Motion to Approve Settlement [DE 90] be **GRANTED IN PART AND DENIED IN PART** and that the Settlement Agreement [DE 90-1] be **APPROVED IN PART** as explained herein. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**. Since the parties request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, DE 90 at 10, the Court also recommends retaining jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to

timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

 **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 29th day of June, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

6