UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-62361-LEIBOWITZ/AUGUSTIN-BIRCH

SAMIRA ABED-KAKI, *et al.*,

     *Plaintiffs*,

v.

NORTH BROWARD HOSPITAL
DISTRICT d/b/a BROWARD HEALTH,

     *Defendant*.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation by United States Magistrate Judge Panayotta D. Augustin-Birch [ECF No. 94] (the "R&R"), filed on June 29, 2026. Judge Birch recommends granting in part and denying in part the parties' Unopposed Motion to Approve Settlement [ECF No. 98]. [ECF No. 94 at 3]. Judge Augustin-Birch recommends that the Court approve the proposed settlement except for the proposed allocation of $2,500 each to Plaintiffs Samira Abed-Kaki and Lakaye Johnson, as those payments would constitute prohibited service awards. [*Id.* at 3–4 (citing *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020))]. Judge Augustin-Birch recommends reallocating the payments to Abed-Kaki and Johnson into the "Net Settlement Amount" for all collective action plaintiffs. [*Id.* at 4].

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the

report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up).  To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error.  *Id.* at 784 (cleaned up).

No objections were filed during the 14-day objection period.  After reviewing the R&R for clear error, the Court finds not only no clear error but also notes that Judge Augustin-Birch's R&R is thorough and compelling.  The Court approves Judge Augustin-Birch's careful consideration of the proposed settlement and adopts the R&R in its entirety.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Magistrate Judge's Report and Recommendation [**ECF No. 94**] is **APPROVED** and **ADOPTED** and made a part of this Order for all purposes.

2.  The Settlement Agreement [ECF No. 90-1] is **APPROVED IN PART** as explained in the R&R.

3.  This action is **DISMISSED** *with prejudice*.

4.  The *Clerk* is *directed* to **CLOSE** this case.  All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

5.  The Court retains jurisdiction for the sole purpose of enforcing the parties' settlement agreement.

**DONE AND ORDERED** in the Southern District of Florida on July 15, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

2